IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VS.      CASE NO. 06-CV-4017 | |
| TROACE T. MARSHALL | DEFENDANT |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff United States of America's Motion for Summary Judgment. (Doc. 5). The United States seeks to foreclose upon a federal loan issued through the United States Department of Agriculture's Farm Service Agency ("FSA"). Defendant Troace T. Marshall has responded. (Docs. 13-14). The matter is ripe for consideration.

I. BACKGROUND

On April 9, 1993, the FSA extended to Marshall a loan in principal amount of $167,500.00 in return for a promissory note and mortgage on real property[1] located in Howard County, Arkansas. (Doc. 1-2). Marshall was to repay the loan in 26 annual installments of $11,886.00 beginning January 1, 1994. (Doc. 1-2). Marshall defaulted on the loan, and in February of 2005, the United States accelerated the outstanding amount owed, declaring $146,827.66 in unpaid principal, and accrued interest of $62,436.88 due immediately. (Doc. 1-4). On February 7, 2006, the total amount owed to the FSA was $209,264.54, with interest accruing thereafter at the daily rate of $19.9695. (Docs. 1-1, 6-2). Unable to obtain payment from Marshall, the United States brought this action to foreclose upon the promissory note and mortgaged property.

---

[1] All that part of the W ½ of the NW ¼ of Section 15, lying and being West of the center of the channel of Baber Creek; the E ½ of the NE ¼ of Section 16; and the SW ¼ of Section 16, ALL being in Township 11 South, Rage 27 West

## II. DISCUSSION

**A. Standard of Review**

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Genuine issues of material fact exist where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Where no reasonable jury could render a verdict for the nonmovant, however, summary judgment is properly granted. *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

**B. Federal Loan Foreclosure Action**

The United States brings this action to foreclose upon a promissory note and mortgaged property located in Howard County, Arkansas. The material facts here are not in dispute. The United States has submitted documents to the Court showing that there is due and owing the principal sum of $146,827.66, plus interest of $62,436.88, computed at the rate of 5.0% per annum.

Indeed, Marshall's response to the United States' Motion for Summary Judgment acknowledged "[t]hat there was indeed a loan ... for the amount stated." (Doc. 13). Marshall disputes only the amount owed to the United States in this matter. However, Marshall's unsupported denial does not raise a material issue of fact. Fed. R. Civ. P. 56(e) provides:

> "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must *set forth specific facts showing that there is a genuine issue for trial*. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." (emphasis added)

*Id*; *Burst v. Adolph Coors Co.*, 650 F.2d 930, 932 (8th Cir. 1981). Marshall's response, contesting only the amount owed, fails to set forth specific facts showing the existence of a genuine issue for trial. The Court is satisfied that the United States has sufficiently alleged and proved the existence and amount of the loan, and Marshall's default thereof.

### III. CONCLUSION

For reasons discussed herein and above, the Court finds that the United States' Motion for Summary Judgment should be and hereby is **GRANTED**. The United States is directed to supply the Court with an appropriate Decree to be entered as a final judgment in this matter.

**IT IS SO ORDERED**, this 3rd day of October, 2006.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge