IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                              CASE NO. 06-CV-4017

TROACE T. MARSHALL                                          DEFENDANT

**DECREE OF FORECLOSURE**

Now on this 10th day of October, 2006, this case comes on to be heard, and the Court being advised in the premises, finds:

1.  That the Court has jurisdiction of the parties and subject matter herein.

2.  That the Plaintiff filed its Complaint against the Defendant on March 23, 2006.

3.  That the Defendant was served with summons and a copy of complaint by certified mail on or about March 31, 2006.

4.  That the answer of Defendant was entered by the Clerk on April 21, 2006.

5.  That, for good and valuable consideration and to obtain loan assistance from the United States of America, acting through the Farm Service Agency, Defendant, Troace T. Marshall, executed and delivered to the United States of America, a certain Promissory Note, representing a loan made, renewed, rescheduled and /or re-amortized on or about April 9, 1993, which are more particularly described as follows:

| Loan Type | Date of Note | Principal Amount | Interest Rate | Terms |
|---|---|---|---|---|
| FO-LR-44-03 | April 9, 1993 | $167,500.00 | 5.0% | 26 annual installments in the amount of $ 11,886.00 beginning January 1, 1994. |

6.  That the Plaintiff is the legal holder of this note.

7. That, concurrently with the execution of the Note and for the purpose of securing payment of the indebtedness evidenced by said Note, Defendant executed, acknowledged in the manner required by law, and delivered to the United States of America a Real Estate Mortgage for Arkansas, which being more particularly described hereinafter as follows:

| Date of Mortgage | Date Filed | Filing Information |
|---|---|---|
| April 9, 1993 | April 9, 1993 | Filed in the real estate records in the Office of the Circuit Clerk of Howard County, Arkansas in Book Vol. 298, at Page 633. |

Said Mortgage encumbers certain real property that is located in Howard County, Arkansas, all of which being more particularly described below:

> All that part of the W½ of the NW¼ of Section 15, lying and being West of the center of the channel of Baber Creek; the E½ of the NE¼ of Section 16; and the SW¼ of the NE¼ of Section 16; ALL being in Township 11 South, Range 27 West.

8. That the Plaintiff is the legal holder of this mortgage.

9. That, after allowing all credits thereon, there is now past due and owing to the United States of America a total amount of $209,264.54. Said sum representing $146,827.66 in unpaid principal, plus accrued interest in the amount of $62,436.88 through February 7, 2006, with interest accruing thereafter at the rate of $19.9695 per day.

10. That, Defendant, Troace T. Mitchell, has violated the covenants of the Note and Mortgage, and by reason of such default, Plaintiff has decided to exercise its right of acceleration and declare the entire unpaid balance, including principal and interest, immediately due and payable. Despite repeated demands, Defendant has refused, failed and neglected to pay the balance due. That

all conditions precedent have been performed and amicable demand has been made, but without avail.

11. For a valuable consideration, the Defendant in said mortgage waived all rights of appraisement, sale, redemption and homestead, and particularly all rights of redemption under the Act of the Arkansas Legislature approved May 8, 1899, and acts amendatory thereof, and the said Defendant likewise expressly waived all rights or possibility of dower, curtesy, and homestead in and to said land and property.

12. That the relief now granted to the Plaintiff is not different as to type or material amount from that sought in its Complaint.

13. That the time for the Defendant is not an infant, or incompetent person, or in the active military service of the United States. On the 3rd day of October, 2006, this Court entered Summary Judgment in favor of Plaintiff which determined that Defendant was indebted to Plaintiff as set forth herein, that Plaintiff holds a mortgage as to the property described herein to secure said indebtedness, that Defendant is in default according to the terms of the Promissory Note and Mortgage, and that Plaintiff is entitled to foreclose upon its Promissory Note and Mortgage. This Decree is in accordance with the Summary Judgment Order.

**IT IS, THEREFORE, ORDERED AND DECREED**:

That the Plaintiff, United States of America, have and recover judgment <u>in rem</u> against the property and not <u>in personam</u> against the Defendant in the amount of $209,264.54, plus interest accruing at a rate of $19.9695 per day from February 7, 2006 to date of judgment, together with

interest at the legal rate of **4.9%** percent per annum pursuant to 28 U.S.C. §1961(a) from the date of this judgment until paid.

That the prayer of the Plaintiff, United States of America, for a Decree of Foreclosure should be, and is hereby, granted.

IT IS FURTHER ORDERED, that if the judgment of the Plaintiff is not paid within ten days from this date, then Richard J. O'Connell, United States Marshal for the Western District of Arkansas shall advertise the time, place and terms of judicial sale according to law and this decree, at least once weekly for four weeks prior to sale in a newspaper having a general circulation in Howard County, Arkansas, and he shall sell at public outcry, to the highest qualified bidder, at the main door of the Howard County Courthouse in Nashville, Arkansas, on a credit of three months, the property above described. The proceeds of this judicial sale shall be applied, in the manner provided by law, to the judgment of the Plaintiff.

The purchaser at the Marshal's sale shall give bond with approved security to secure payment of the purchase price, and a lien shall be retained on the property to secure payment thereof. If the Plaintiff purchases the property for an amount not in excess of its judgment and costs, which are hereby granted, it may credit the amount of its bid, less all court costs, upon its judgment and need not give bond to secure the purchase price.

IT IS FURTHER ORDERED, that upon judicial sale of this property, and confirmation thereof by this Court, then all right, title and interest of all parties in and to said property, including any rights or possibility of curtesy, dower, homestead, appraisement and redemption are forever

barred and FORECLOSED. Should the sale bring proceeds or credits in excess of the Plaintiff's claim and costs, the Court will determine the rightful owner thereof.

JURISDICTION of this case is retained.

                                              /s/Harry F. Barnes
                                      Hon. Harry F. Barnes
                                      United States District Judge